```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```
_____

PAMELA DIANE STARK,                )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )   No. 19-cv-2406-JTF-tmp
                                   )
ROBERT WEISS, TENNESSEE            )
CIRCUIT COURT JUDGE,               )
                                   )
    Defendant.                     )

_____

### REPORT AND RECOMMENDATION
_____

Before the court[1] is defendant Judge Robert Weiss's Motion to Dismiss, filed on July 12, 2019. (ECF No. 9.) *Pro se* plaintiff Ms. Pamela Stark responded on July 22, 2019. (ECF No. 10.) For the reasons below, it is recommended that Judge Weiss's motion be granted.

**I.  PROPOSED FINDINGS OF FACT**

In this lawsuit, brought pursuant to 42 U.S.C. § 1983, Ms. Stark alleges that Judge Weiss violated her First and Fourteenth Amendment rights. (ECF No. 1.) Ms. Stark specifically attacks the constitutionality of an order Judge Weiss entered in Ms. Stark's pending divorce case. (Id. at 1 ¶ 1.)

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

According to her complaint, Ms. Stark is married to Joe Stark ("Sergeant Stark"), a Memphis Police Department ("MPD") Sergeant who is assigned to MPD's Homicide Division. (Id. at 2 ¶ 7.) The complaint alleges that "[o]n June 17, 2018, Plaintiff was injured by Sgt. Stark while he was throwing Plaintiff's clothing over the second story balcony of Plaintiff's home."[2] (Id. at 2 ¶ 8.) Ms. Stark subsequently filed for divorce on June 29, 2018. (ECF No. 1-7 at 2 ¶ 6.) While the divorce proceeding was pending, Ms. Stark "posted on Facebook commentary concerning the propriety of law enforcement investigating cases where members of their own department may face criminal and/or civil liabilities referencing Plaintiff's own experience with MPD's investigation of the events of June 17, 2018."[3] (ECF No. 1 at 5 ¶ 27.)

In January 2019, Sergeant Stark filed a Petition for Restraining Order, requesting that Ms. Stark be required to remove that Facebook post. (ECF No. 1-7.) Sergeant Stark argued that the Facebook post "will cause immediate and irreparable injury, loss, and/or damage to Husband, including, but not limited to, resulting Husband losing his job, being

---

[2]Ms. Stark's complaint further alleges that several members of the MPD attempted to protect Sergeant Stark by not properly investigating the June 17 Incident. (See ECF No. 1 at 2-5.)

[3]The Facebook post can be found at ECF No. 1-5.

demoted, and/or Husband's reputation being tarnished with the Memphis Police Department." (ECF No. 1-7 at 2 ¶ 8.) Sergeant Stark also asked the court to prevent Ms. Stark from engaging in similar commentary. (Id. at 2 ¶ 9.)

After conducting a hearing on February 7, 2019, the divorce court granted Sergeant Stark's petition on February 13, 2019 (the "February 13 Order"). (ECF No. 1-9.) The February 13 Order required Ms. Stark to remove the Facebook post and prevented her from engaging in similar commentary during the pendency of the divorce proceedings. Ms. Stark refused to comply with Judge Weiss's order and was taken into custody. (Id. at 1 ¶ 3.) Four hours later, Ms. Stark agreed to remove the post and was released from custody. (Id. at 2 ¶ 5.)

Ms. Stark filed the present action on June 25, 2019. (ECF No. 1.) According to Ms. Stark, "[t]his is an action . . . to address the unconstitutionality of Judge Robert Weiss' ruling and findings under his Order on Petition for Restraining Order entered in Shelby County Civil Court Division VIII on February 13, 2019 as an unlawful exercise of judicial power and the unconstitutionality of the same as it pertains to Plaintiff." (Id. at 1 ¶ 1.) In the prayer for relief, Ms. Stark asks "[t]his honorable Court grant her declaratory relief by finding that Judge Weiss' findings and Order on Petition for Restraining Order entered on February 13, 2019 violates the constitutional

rights of Plaintiff as guaranteed under the First and Fourteenth Amendments of the United States Constitution." (Id. at 12.)

In the present motion, Judge Weiss argues that Ms. Stark's complaint should be dismissed for two reasons. (ECF No. 9-1.) First, Judge Weiss argues that Ms. Stark's action is barred by the Rooker-Feldman doctrine. (Id. at 3-5.) Second, Judge Weiss argues that the doctrine of abstention mandates dismissal of Ms. Stark's action for declaratory relief because it involves ongoing state court proceedings. (Id. at 5-7.)

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Standard of Review

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions

can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004).  In the present Rule 12(b)(1) motion, Judge Weiss attacks the claim of jurisdiction on its face.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th

- 5 -

Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); Payne v. Sec'y of Treasury, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants.  Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party.  While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

**B.   Lack of Subject Matter Jurisdiction**

Judge Weiss argues that the Rooker-Feldman doctrine bars this court from considering Ms. Stark's complaint.  (ECF No. 9-1 at 3-5.)  "[L]ower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments."  Gottfried v. Med. Planning Servs., Inc., 142

F.3d 326, 330 (6th Cir. 1998) (citing Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983)).  This doctrine, known as the Rooker-Feldman doctrine, establishes that "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings."  Pieper v. Am. Arbitration Ass'n, Inc., 336 F.3d 458, 462 (6th Cir. 2003) (citations omitted).  The Rooker-Feldman doctrine is applicable to constitutional cases brought under 42 U.S.C. § 1983, since federal courts must give "full faith and credit" to state court judicial proceedings.  Gottfried, 142 F.3d at 330 (citing 28 U.S.C. § 1738).  It applies even though the state court judgment may have been erroneous.  In re Sun Valley Foods Co. v. Detroit Marine Terminals, Inc., 801 F.2d 186, 189 (6th Cir. 1986).  In order to determine whether the Rooker-Feldman doctrine is applicable, a court must ask "whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." Lawrence v. Welch, 531 F.3d 364, 368 (6th Cir. 2008).  "If the source of injury is the state court decision, then the Rooker-Feldman doctrine would prevent the district court from asserting jurisdiction."  Id.

　　　In her response, Ms. Stark argues that "[w]here the litigant is challenging the constitutionality of a rule that was applied to him, but is not asking to correct or revise the

- 7 -

determination that he violated the rule, Rooker-Feldman is no obstacle to the maintenance of the suit." (ECF No. 10-1 at 2) (quoting Hood v. Keller, 341 F.3d 593, 598 (6th Cir. 2003)). In Hood and other Sixth Circuit cases, the courts found that the Rooker-Feldman doctrine was inapplicable to bar plaintiffs' claims challenging the constitutionality of the future application of a state law, administrative code, or rule, as opposed to a challenge of a state court's prior judgment itself. Id. at 599; Berry v. Schmitt, 688 F.3d 290, 299-300 (6th Cir. 2012) (finding that the Rooker-Feldman doctrine did not bar the plaintiff's claim because the plaintiff sought "declaratory and injunctive relief to prevent future enforcement" of a Kentucky Bar Association rule "by the KBA, the threat of which is currently chilling his speech"); Evans v. Cordray, 424 F. App'x 537, 540 (6th Cir. 2011) (concluding that the Rooker-Feldman doctrine was inapplicable where the source of the plaintiff's injury was "Ohio's allegedly unconstitutional present and future enforcement of § 2323.52's remedial provisions in divorce proceedings, not the domestic court's prior interlocutory decisions denying him leave to proceed"). "In other words, while the Rooker-Feldman doctrine does not bar a plaintiff from attempting to clear away an allegedly unconstitutional state-law policy going forward, it does prevent a plaintiff from seeking relief against the discipline imposed upon him by application of

an allegedly unlawful policy in the past." Brent v. Wayne Cty. Dep't of Human Servs., 901 F.3d 656, 674 (6th Cir. 2018) (internal citation and quotation omitted).

In Hood v. Keller, the plaintiff was arrested for criminal trespass because he failed to obtain a permit before preaching and handing out religious tracts on the Ohio Statehouse grounds. 341 F.3d at 596. He filed a complaint in federal court challenging the constitutionality of the Ohio administrative code provision that required a permit for use of the Ohio Statehouse grounds. Id. at 595. The Sixth Circuit found that the Rooker-Feldman doctrine did not bar his complaint because the plaintiff asserted "no demand to set aside the verdict or the state court ruling." Id. at 598. "Instead, [the plaintiff sought] injunctive and declaratory relief prohibiting defendants-appellees from using 'preaching and/or handing out religious tracts' as a basis for 'enforcing or attempting to enforce' Ohio Administrative Code § 128-4." Id. Because the plaintiff did not ask the district court to overturn his conviction, the Hood court concluded that the Rooker-Feldman doctrine was inapplicable. Id. at 599.

Unlike the plaintiffs in the Hood line of cases, Ms. Stark essentially requests that the court undo Judge Weiss's February 13 Order, which is precisely the type of action the Rooker-

Feldman doctrine precludes this court from taking.  Ms. Stark's prayer for relief requests:

> This honorable Court grant her declaratory relief by finding that Judge Weiss' findings and Order on Petition for Restraining Order entered on February 13, 2019 violates the constitutional rights of Plaintiff as guaranteed under the First and Fourteenth Amendments of the United States Constitution.

(ECF No. 1 at 12); see In re Isaacs, 895 F.3d 904, 912 (6th Cir. 2018) ("The source of the plaintiff's injury may in turn be determined by examining the request for relief.").  Ms. Stark argues that the Rooker-Feldman doctrine does not bar the present lawsuit because:

> Plaintiff's action is seeking Declaratory Relief, given [Judge Weiss's] rulings, against future application as it pertains to Plaintiff's ability to seek redress of allegations of civil rights violations, her ability to have access to governmental services in the future and her ability to participate in activities protected under the First Amendment as an advocate of victim's rights.

(ECF No. 10-1 at 3.)  The court rejects this argument.  Ms. Stark is not seeking prospective relief from the application of an unconstitutional statute or rule; instead, she asks the court to find that the February 13 Order is unconstitutional.  It is clear from the face of the complaint that Ms. Stark's "source of injury" is the February 13 Order entered by Judge Weiss.  As a result, the court concludes that the Rooker-Feldman doctrine applies and precludes Ms. Stark's claims from proceeding in this court.

### III. RECOMMENDATION

For these reasons, it is recommended that Judge Weiss's Motion to Dismiss be granted.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

August 1, 2019
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY=S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**