IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |  |
|---|---|---|
| PAMELA D. STARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:19-cv-02406-JTF-tmp |
| | ) | |
| ROBERT WEISS, | ) | |
| Tennessee Circuit Court Judge, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S OBJECTION TO THE REPORT AND RECOMMENDATION**
_____

Before the Court is Defendant, Tennessee Circuit Court Judge, Robert Weiss' Motion to Dismiss, which was filed on July 12, 2019. (ECF No. 9.) Pursuant to Administrative Order 2013-05, this case, including Defendant's Motion, was referred to the Magistrate Judge for management of all pretrial matters. Plaintiff Pamela Stark filed a pro se Response to Defendant's Motion on July 22, 2019. (ECF No. 10.) Defendant filed his Reply on August 1, 2019. (ECF No. 12.) That same day, the Magistrate Judge entered a Report and Recommendation, suggesting that this Court grant Defendant's Motion to Dismiss. (ECF No. 11.) Plaintiff filed an Objection to the Report and Recommendation on August 12, 2019 (ECF No. 13), to which Defendant responded on August 26, 2019 (ECF No. 14).

For the following reasons, the Court finds that the Magistrate Judge's Report and Recommendation should be ADOPTED and Defendant's Motion to Dismiss GRANTED.

## **LEGAL STANDARD**

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Regarding those excepted dispositive motions, magistrate judges may still hear and submit to the district court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Bd. of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674.

## FINDINGS OF FACT

Plaintiff advanced no specific factual objections. Therefore, the Court adopts and incorporates the proposed findings of fact in this case as provided by the Magistrate Judge in his Report and Recommendation. (ECF No. 11, 1–4.)

## ANALYSIS

Plaintiff alleges that Defendant Judge Weiss' findings and ruling set forth in his Order on Petition for Restraining Order (the "Ruling"), which he entered during Plaintiff's divorce proceeding in state court, violated 42 U.S.C. § 1983 and Plaintiff's federal constitutional rights under the First and Fourteenth Amendments. (ECF No. 1.) Specifically, Plaintiff contends it was an "unlawful exercise of judicial power" for Defendant to require the removal of Plaintiff's Facebook post and to enjoin her from "making any other public allegations against the Petitioner, Joe Stark, on social media (on any platform) or to his employer which may affect Petitioner's reputation or employment." (*Id.*) (quoting ECF No. 1-10, 3.) Plaintiff claims that these enjoinments amounted to "prior restraint," which violate her constitutional rights, and she seeks relief from this Court declaring the same. (*Id.* at 12.) Defendant argues that Plaintiff's claim should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because the *Rooker-Feldman* doctrine bars the Court's review. (ECF No. 9.)

The *Rooker-Feldman* doctrine prevents an unfavorable state-court decision from being appealed to a lower federal court. *Lance v. Dennis*, 546 U.S. 459, 466, 126 S. Ct. 1198, 1202, 163 L. Ed. 2d 1059 (2006). The United States Supreme Court is the only federal court that has jurisdiction to correct or modify state-court judgements. *Gottfried v. Med. Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir. 1998) (citing *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 474, 103 S. Ct. 1303,

1310, 75 L. Ed. 2d 206 (1983); 28 U.S.C. § 1257). Even if a state-court decision was wrong, the Supreme Court has explained, "that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1522, 161 L. Ed. 2d 454 (2005) (quoting *Rooker*, 263 U.S. at 416). To determine whether the *Rooker-Feldman* doctrine is applicable, the district court must ask "whether the 'source of injury' upon which plaintiff bases his federal claim is the state court judgment." *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008) (quoting *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006)). If the state-court decision is identified as the source of injury, then a federal district court cannot assert jurisdiction—*i.e.*, the claim is barred by the *Rooker-Feldman* doctrine. *Id*. at 368-69 (plaintiff's claim that the state of Michigan violated his First and Fourteenth Amendment rights by denying his application to practice law in the state was a "direct attack" on a state-court decision and was thus, barred by *Rooker-Feldman*). The proper application of this doctrine requires the court to pay careful attention to the relief sought by the federal-court plaintiff. *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003).

In her Response to Defendant's Motion to Dismiss, Plaintiff argues she "is not seeking a review of Defendant's Ruling," but rather, seeking declaratory relief against the "future application" of those rulings as it pertains to her constitutional rights and ability to seek redress if they are violated. (ECF 10, 3.) (citing *Hood v. Keller*, 341 F.3d 593, 598 (6th Cir. 2003) ("Where the litigant is challenging the constitutionality of a rule that was applied to him but is not asking to correct or revise the determination that he violated the rule, *Rooker-Feldman* is no obstacle to the maintenance of [the] suit."). Plaintiff reiterates that her action seeks to address "only future application" of Defendant's Ruling, which, she argues, does not require this Court to "overturn,

4

undo, or revise" the Ruling in any way. (*Id*.) Plaintiff makes the same argument in her Objection to the Magistrate Judge's recommendation. Plaintiff argues that her claim, like the claim in *Hood*, seeks "prospective relief" against "future application" of a state-court decision, which is "suis generis" or independent from the divorce action pending in state court. (ECF No. 13.) The Court disagrees.

As the Magistrate Judge explained at length in his Report, Plaintiff's reliance on *Hood* and similar cases is misguided. (ECF No. 11, 7-10.) In *Hood*, the Sixth Circuit held that the *Rooker-Feldman* doctrine did not apply where a plaintiff challenged the constitutionality of a state rule but did not seek to set aside his state conviction under the rule. *Hood*, 341 F.3d at 599. The federal relief Hood sought was "independent" from the state-court judgment, which gave the district court jurisdiction over the claim. *Id*. *See also Brent v. Wayne Cty. Dep't of Human Servs.*, 901 F.3d 656, 674 (6th Cir. 2018), cert. denied, 139 S. Ct. 1551, 203 L. Ed. 2d 714 (2019) (internal quotations and citations omitted) ("[W]hile the *Rooker-Feldman* doctrine does not bar a plaintiff from attempting to clear away an allegedly unconstitutional state-law policy going forward, it does prevent a plaintiff from seeking relief against the discipline imposed upon him by application of an allegedly unlawful policy in the past.").

Plaintiff's Complaint requests:

> [T]his honorable Court grant her declaratory relief by finding that Judge Weiss' findings and Order on Petition for Restraining Order entered on February 13, 2019 violates the constitutional rights of Plaintiff as guaranteed under the First and Fourteenth Amendments of the United States Constitution.

(ECF No. 1, 12.) Based on the plain language of Plaintiff's request for relief, the Magistrate Judge concluded that Plaintiff, "is not seeking prospective relief from the application of an unconstitutional statute or rule; instead, she asks the court to find that the February 13 Order is unconstitutional." (ECF No. 11, 10.) The Court agrees with the Magistrate Judge's assessment

that Plaintiff's "source of injury" is Judge Weiss' unfavorable ruling. (*Id*.); *Lawrence*, 531 F.3d 364, 368. It is clear, from the language of her Complaint, that Plaintiff is asking this Court to provide relief against discipline imposed upon her by the state-court's decision and is not, contrary to her arguments, seeking to prevent the future application of an unconstitutional state rule. *Id*. Any review of Plaintiff's constitutional claims would therefore, require review of the state-court decision. *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 510 (6th Cir. 2000). To grant Plaintiff's request would effectively overturn Judge Weiss' ruling. Thus, Plaintiff's Action For Declaratory Relief, as presented in this case, is precisely what the *Rooker-Feldman* doctrine prohibits. (ECF No. 11, 10.) Plaintiff claim for relief may be brought before Tennessee's appellate courts or the United States Supreme Court, but it cannot be brought here.

## CONCLUSION

After *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation, **GRANTS** Defendant's Motion to Dismiss for lack of jurisdiction, and **DENIES** Plaintiff's Objections thereto.

**IT IS SO ORDERED** on this 27th day of November 2019.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge
